1   Clyde DeWitt
    clydedewitt@earthlink.net
2   Nevada State Bar No. 9791
    California State Bar No. 117911
3   Texas State Bar No. 05670700
    Law Offices of Clyde DeWitt
4   2300 West Sahara Avenue, Suite 800
    Las Vegas, NV 89102
5   Phone: (702) 386-1756
    E-fax: (702) 441-0308
6
    J. Michael Murray*
7   Ohio Bar No. 0019626
    jmmurray@bgmdlaw.com
8   William C. Livingston*
    Ohio Bar No. 0089538
9   wlivingston@bgmdlaw.com
    BERKMAN GORDON MURRAY & DeVAN
10  55 Public Sq. Ste. 2200
    Cleveland, OH 44113
11  Telephone: (216) 781-5245
    Facsimile: (216) 781-8207
12  *subject to pro hac vice admission, will comply with LR IA 11-2 within 7 days

13  Attorneys for Plaintiff Henderson Retail 61, LLC

14
                        UNITED STATES DISTRICT COURT
15                          DISTRICT OF NEVADA

16

17  HENDERSON RETAIL 61, LLC          )
    110 East Wilson Bridge Road Ste. 100  )
    Worthington, Ohio 43085,          )
18                                     )
19          Plaintiff,                 )   CASE NO.:
                                       )
        v.                             )
20                                     )
    CITY OF HENDERSON, NEVADA          )   **COMPLAINT FOR DECLARATORY
21  C/O Debra March, its Mayor         )   JUDGMENT PRELIMINARY
    240 S. Water St.                   )   INJUNCTION, PERMANENT
22  Henderson, NV 89015                )   INJUNCTION, DAMAGES AND
                                       )   ATTORNEYS' FEES**
23          Defendant.                 )

24
                              **JURY DEMAND**
25
                        PARTIES AND JURISDICTION
26
27          1.      Plaintiff Henderson Retail, LLC is a limited liability company organized and existing

28  under the laws of the State of Ohio and registered with the Nevada Secretary of State. It holds a

                                    - 1 -

1  Nevada State Business License from the Nevada Secretary of State.

2        2.     Defendant City of Henderson is a municipality organized and existing under the

3  Constitution and laws of the State of Nevada.

4        3.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this being a civil action

5  arising under the Constitution and the laws of the United States.

6        4.     Jurisdiction is also conferred upon this Court by 28 U.S.C. §1343(a)(3) and (4), 28

7  U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988, this being an action for declaratory

8  judgment, equitable relief and damages authorized by law to redress deprivations under color of law

9  of rights, privileges and immunities secured by the Constitution of the United States. This Court has

10 jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

11        5.     At all times pertinent to this Complaint, and in taking all of the actions described in

12 this Complaint, defendants, their officers, agents and employees, acted under color of law and were

13 effecting, and will effect, the custom, policy and laws of the City of Henderson.

14                    FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

15              Plaintiff's Attempt to Obtain A Building Permit To Open A Retail Store

16        6.     Plaintiff entered into a lease agreement for the property located at 9310 S Eastern

17 Avenue Suite 111, Henderson, NV 89123, in an area of the City of Henderson zoned CN

18 (neighborhood, commercial) so that it could operate a retail store under the trade name Lion's Den,

19 selling a variety of products, including a quantity of constitutionally protected sexually oriented

20 dvd's and other media items and adult products.

21        7.     Under the City's zoning code, general "retail sales" businesses are permitted as a

22 matter of right in the CN (neighborhood, commercial) zoning district. *See* Ex. A, pg. 2, Ord.

23 19.5.5(GG)(1).[1]

24        8.     However, the City's ordinances also provide that sexually oriented businesses, which

25 include "adult bookstores, adult novelty businesses, or adult video stores" are not permitted in the

26 ─────────────────

27        [1] The relevant ordinances in Title 19 of the Henderson Municipal Code, its zoning code, are
   attached hereto as Exhibit A.
28

CN zoning district. In fact, they are nowhere permitted as a matter of right in the city. *See* Ex. A, pg. 4, Ord. 19.5.5(HH)*.*

9.      Rather, in the City's  industrial zones, one may apply for a conditional use permit to open a sexually oriented retail outlet.

10.     A proposed sexually oriented business must also meet certain separation requirements of the zoning code. Specifically, it must be separated by a minimum 1,000 feet from the following, except for (iii) which requires a minimum of 1,500 feet: (I) A child care facility; (ii) A religious assembly use; (iii) A property with a residential land use category as designated by the Comprehensive Plan; (iv) A property designated with a mixed-use zoning designation; (v) A hospital; (vi) A school (public or private); (vii) A governmental office; (viii) A public park; (ix) A Teenage Dancehall; (x) A Teenage Nightclub; (xi) Another sexually oriented business. *See* Ex. A, pg. 4-5, Ord. 19.5.5(HH)(2)(a).

11.     But even if those separation requirements are met, whether a conditional use permit will issue is left to the broad discretion of the Planning Commission and City Council. *See* Ex. A, pg. 8*,* Ord. 19.6.6(A)(7)(a); pg. 15, 19.6.9(E)(10)(a).

12.     In addition, the City's ordinances require a sexually oriented business to obtain a sexually oriented business license as a precondition to operate.  *See* Ex. B, pg. 6, Ord. 4.110.030.[2]

13.     To obtain such a license, a vast amount of information must be provided for the business, all of its principals and others. *See* Ex. B, pg. 6-7*,* Ord. 4.110.050. Whether a license is issued is left to the complete discretion of City Council. *See* Ex. B, pg. 11-12, Ord. 4.110.140.

14.     Under the Ordinances, "Adult bookstores, adult novelty businesses, or adult video store" is defined as an establishment having as a significant portion of its stock in trade in any one or more of the following:

> 1. Books, film, digital video discs, compact discs, video cassettes, slides, magazines and other periodicals or other written, oral or visual representations that are distinguished or characterized by an emphasis on depicting or describing sexual conduct or specified anatomical areas; or

---

[2] Chapter 4.110 of the Henderson Municipal Code is attached hereto as Exhibit B.

2. Products known generally as, but not limited to, adult novelties and gifts, instruments, devices, accessories or paraphernalia, including items designed or marketed primarily for sadomasochistic activity, that are characterized by an emphasis for use during sexual conduct or with specified anatomical areas.

*See* Ex. B, pg. 1, Ord. 4.110.010.

15.     A "significant portion of its stock in trade" exists where the establishment meets any of the following criteria:

1. Greater than ten percent of the establishment's inventory consists of said items; or

2. Greater than ten percent of the establishment's revenues derive from the sale or rental, for any form of consideration, of said items; or

3. The establishment maintains greater than ten percent of its floor space for the display, sale, and/or rental of said items (aisles and walkways used to access and purchase said items shall be included in "floor space" maintained "for the display, sale, and/or rental of said items"); or

4. Greater than ten percent of the establishment's advertising or interior business is for said items.

*See* Ex. B, pg. 1, Ord. 4.110.010.

16.     Plaintiff planned for its retail to store to carry primarily lingerie and other clothing apparel, lotions, scented candles, party decorations, and various other similar items. As mentioned, Plaintiff planned on carrying a quantity of constitutionally protected sexually oriented adult dvd's and other adult media items as well as sexual devices and toys.

17.     However, cognizant of the ordinance's definition of sexually oriented businesses, Plaintiff planned on keeping those items at or below the ten percent threshold for inventory, revenues, floor space and advertising because of the prohibition of opening a sexually oriented business in the CN zone where Plaintiff was located, although, if not burdened by the Ordinance, Plaintiff would carry a higher percentage of those items.

18.     On February 16, 2021, a contractor, acting on Plaintiff's behalf, applied for a building permit with the City of Henderson. The building permit application specified that the scope of the work was for the interior remodel of the existing retail space to a new retail space. The contractor submitted numerous documents to the City including architectural drawings, floor plans and other information.

- 4 -

19.     Over the next several months, Plaintiff's contractor and representatives responded to various requests from the City for revisions to the architectural drawings, clarification as to the type of products to be offered at the plaintiff's store and detailed information demonstrating that the Lion's Den would not constitute a sexually oriented business.

20.     The City pointed to a website of another retail outlet under the name Lion's Den in Las Vegas (not Henderson), which operated as an adult store and questioned whether Plaintiff's retail store would be similar. Plaintiff's representative explained that that other store operated under different ordinances and that Plaintiff's store in Henderson would operate under its ordinances.

21.     Ultimately, the back and forth culminated in an email from the City on June 8, 2021, stating that the City's position is that Plaintiff's proposed retail outlet constitutes a sexually oriented business, which is prohibited in the CN zone.

22.     For this reason, the City has declined to issue the building permit for which Plaintiff's contractor has applied. This same determination disqualifies Plaintiff from receiving a sexually oriented business license which would be required for the opening of a sexually oriented business.

23.     Therefore, the City is enforcing its regulations for sexually oriented businesses, against Plaintiff (discussed in more detail below), which include zoning and licensing requirements as preconditions to operate.

The Term "Adult Bookstore, Adult Novelty Business or Adult Video Store"
As Defined in the Ordinances is Unconstitutionally Overbroad and Is Not Narrowly Tailored

24.     The Ordinances' definition of "Adult Bookstore, adult novelty business or adult video store" has the same meaning in Title 4 and Title 19 of the Henderson Municipal Code. *See* Ex. B, pg. 1, Ord. 4.110.010; Ex. A, pg 4, 19.5.5(HH)(1). The definition is content based, as it is by the content of expressive materials protected by the First Amendment.

25.     That definition includes retail outlets which have only 10.1 percent of their inventory, revenues, floor space or advertising related to sexually oriented media and other adult items. Such retail outlets could not possibly cause any adverse secondary effects that are claimed to justify regulating sexually oriented businesses.

26.     As a result, the ordinances' definition is unconstitutionally overbroad and is not

narrowly tailored to further either a compelling or a significant government interest.

Title 19 of the Henderson Municipal Code
And Its Conditional Use Permit Scheme For Sexually Oriented Businesses

27.     To obtain a conditional use permit, a sexually oriented business must comply with all of the criteria as set forth in Section 19.6.6.A. of the Ordinances. *See* Ex. A, pg 5, Ord. 19.5.5(HH)(2)(b)(1). And those provisions confer broad and effectively unfettered discretion on the Planning Commission to deny an application.

28.     Section 19.6.6.A(1) of the ordinances provides the "purpose/description" for conditional use permits under the ordinances as follows:

> The conditional use permit review and approval procedure **provides a discretionary approval process** for uses with unique or widely varying operating characteristics or unusual site development features. The procedure encourages public review and evaluation of a use's operating characteristics and site development features and is **intended to ensure proposed conditional uses will not have a significant adverse impact on surrounding uses or on the community-at-large.**

*See* Ex. A, pg 7. (Emphasis added).

29.     Section 19.6.6(A)(7)(a) of the ordinances provides that conditional use permits may be approved by the Planning Commission only if they find that all of the following criteria are met:

> 1. The proposed use complies with all applicable provisions of the Development Code unless otherwise expressly stated;
>
> 2. The proposed use is compatible with adjacent uses in terms of scale, site design, and operating characteristics (hours of operation, traffic generation, lighting, noise, odor, dust, and other external impacts);
>
> 3. Any significant adverse impacts resulting from the use will be mitigated or offset to the maximum practical extent;
>
> 4. The proposed use will not cause substantial diminution in value of other property in the neighborhood in which it is to be located;
>
> 5. Public safety, transportation and utility facilities will be available to serve the subject property while maintaining sufficient levels of service for existing development;
>
> 6. Adequate assurances of continuing maintenance have been provided; and
>
> 7. Any significant adverse impacts on the natural environment will be mitigated to the maximum practical extent.

*See* Ex. A, pg 8.

30.     In addition to the requirements Section 19.6.6.(A)(7)(a), the ordinances provide that for sexually oriented businesses, "additional conditions may be required as part of the conditional use permit process." *See* Ex. A, pg 6, Ord. 19.5.5(HH)(2)(b)(2).

31.     Further, Ord. 19.5.5(HH)(2)(b)(3) requires that a sexually oriented business use "conform to the requirements of HMC 4.110 for Sexually Oriented Businesses." *See* Ex. A, pg 6.

32.     Regarding the hearing process on an application for a conditional use, the Ordinances provide that "[w]ithin 50 days of receipt of a complete application, the Planning Commission shall hold a public hearing on the proposed conditional use permit." *See* Ex. A, pg 7, Ord. 19.6.6(A)(5).

33.     At the close of the hearing, the Planning Commission must issue a decision on the application. *Id.* An appeal from a denial may be filed within nine days of the decision. *See* Ex. A, pg 14, Ord. 19.6.9(E)(5).

34.     The City Council has jurisdiction to hear and decide all appeals concerning conditional use permits. Those procedures call for the City Council to "consider the appeal as a new matter" and thus apply the same discretionary criteria used by the Planning Commission.  Further the ordinances provide that in hearing such an appeal it "shall be guided by the statement of purpose underlying the regulation of improvement of land expressed in NRS 278.020." *See* Ex. A, pg 15, Ord. 19.6.9.E(10). That statute provides "[f]or the purpose of promoting health, safety, morals, or the general welfare of the community, the governing bodies of cities and counties are authorized and empowered to regulate and restrict the improvement of land and to control the location and soundness of structures." NRS 278.020.

35.     Within 45 days of the end of the appeal period, City Council must "act to affirm, modify or reverse the Planning Commission decision, or act to continue the item for not more than 35 days and to a date specific." *See* Ex. A, pg 15,  Ord. 19.6.9.E(10).

36.     Thus, the City of Henderson has 139 days under its ordinances before it must issue a final decision on a conditional use application for a business that desires to engage in constitutionally protected expression.

37.     The conditional use permit scheme, therefore, grants unbridled discretion on City

officials to grant or deny an application and fails to provide for a prompt decision and operates as an impermissible prior restraint.

Title 4 of the Henderson Municipal Code<br/>And Its Licensing Scheme For Sexually Oriented Businesses

38.     An entity that is considered a sexually oriented business under the ordinances is considered a "privilege business" and is required to obtain a "privileged license" from the City before it may operate. *See* Ex. B, pg. 6, Ord. 4.110.030(A); Ex. C, pg. 4, 4.04.010.[3]

39.     Under the ordinances, a "privileged license" means a license "granted by special permission from local, state, or federal authorities or any combination thereof and not as a matter of right." *See* Ex. C, pg. 4, Ord. 4.04.010.

*City Council's Discretion to Deny a Sexually Oriented Business License*

40.     A license for a sexually oriented business may be denied for a number of reasons. These include that "the operation proposed by the applicant does not comply with all applicable laws, including, but not limited to, all applicable zoning, fire, safety and health ordinances and regulations;" or "the applicant, or any of its principals, do not qualify for, or have not obtained work identification cards." *See* Ex. B, pg. 6, Ord. 4.110.140(B)(4)-(5).

41.     A license application for a sexually oriented business may also be denied for "good cause." *See* Ex. B, pg. 11, Ord. 4.110.140(B); Ex. C, pg. 14-15, Ord. 4.04.150(A).

42.     The Ordinances set forth that "good cause for denial of a license or permit shall include, but not be limited to" the following:

(1) the license application is incomplete so as to not contain all information required by this title;

(2) all license or investigation fees are not paid;

(3) false, fraudulent or misleading statements in the application for the license or permit;

(4) past failure to obtain a license or permit as required by this title; and failure to comply with the requirements of other city departments or divisions prior to engaging in business;

(5) the applicant does not beneficially own the premises for which the license is sought or

---

[3] Chapter 4.04 of the Henderson Municipal Ordinances, containing its general business licensing provisions, is attached hereto as Exhibit C.

does not have a lease thereon for the full period for which the license is to be used;

(6) a finding by the division or by the council that said business will not comport with the peace, health, safety, convenience, good morals or the general welfare of the public;

(7) lack of suitability of the applicant to engage in the particular occupation or business. For the purpose of this section, lack of suitability shall be defined as that quality or character of the license applicant which tends to establish that the applicant will not perform the services to be provided under his license or permit in a reasonable manner to the public. Particular factors to be taken into consideration by the division or by the council in determining whether the applicant is not suitable, are whether the applicant has a bad moral character has a bad reputation for truth, honesty or integrity, or has a prior criminal conviction and/or a prior license denial, suspension, limitation or revocation, either locally or in another state or community, to the extent that it is possible that the acts which formed the basis of that conviction, denial, suspension, limitation or revocation may be committed by the applicant under the license or permit being applied for. In the event the applicant is a company, partnership, association, corporation, or other business entity, the division or the council may consider the suitability of each of the applicant's owners, partners or directors;

(8) false, fraudulent or misleading statements made to the city council;

(9) for any other cause deemed by the city through its division or council to be a just or equitable reason.

Ex. C, pg. 14-15, Ord. 4.04.150(A).

43.     The ordinances also provide that a sexually oriented business may not issue to any person, with the exception of an escort or outcall entertainer, unless the applicant has an established place of business. *See* Ex. B, pg. 6, Ord. 4.110.040. Further, "[s]exually oriented businesses, as licensed under this Code must be located, maintained or kept in those areas of the city zoned in accordance with, and must be subject to, all restrictions and regulations contained in HMC title 19." *Id.*

44.     The licensing scheme, therefore, grants unbridled discretion on City officials to grant or deny an application and operates as an impermissible prior restraint.

*Delays in Hearing Process for License Applications*

45.     The Ordinances provide that a hearing shall be scheduled before the City Council to consider the applicant's business license application within 60 days upon completion of the background investigation by the police department. *See* Ex. B, pg. 11-12, Ord. 4.110.140(A).

46.     But the City's Ordinances do not require that the council decide whether to grant or deny an application on the date of the hearing, nor do they provide any time frame within which a

1  decision must be rendered or issued to the applicant.

2       47.    In addition, the ordinances require that an applicant for a sexually oriented business

3  license submit to an investigation. Section 4.110.100(B) of the Ordinances provides that "after the

4  filing of a completed application and payment of all fees, the applicant must be referred to the chief

5  of police for fingerprinting, photographs, investigation and reporting. The result of the

6  investigation shall be given to the director within 30 days, or as soon thereafter as possible, but

7  in no event in excess of 45 days." *See* Ex. B, pg.10.

8       48.    Nowhere do the Ordinances specify when the applicant must be *referred* for

9  investigation. Nor do the Ordinances state how an applicant should proceed if the results of the

10  fingerprinting, photographs, investigation and reporting is not processed in 45 days.

11       49.    In addition, the ordinances require that prior to the issuance of a sexually oriented

12  business license, the premises must be inspected by all departments and divisions for conformity

13  with the requirements of the building, planning, public works, water, waste water, fire and code

14  enforcement departments and divisions *See* Ex. B, pg. 6, Ord. 4.110.030(C).

15       50.    Upon request for required department signature inspections, the premises must be

16  inspected by all departments and divisions within 30 days of the date of the application. *See* Ex. B,

17  pg. 12, Ord. 4.110.160(A)(1).

18       51.    Written reports of the inspections performed must be given to the application or his

19  representative within five days of the date of the inspection. If an inspection reveals any

20  deficiencies, the applicant must cure the deficiencies and schedule a second inspection or

21  inspections. However, the ordinances do not specify a time frame in which a second or subsequent

22  inspection must take place. *See* Ex. B, pg. 12*,* Ord. 4.110.160(A)(2)-(3).

23       52.    The licensing scheme, therefore, fails to provide for a prompt decision and operates

24  as an impermissible prior restraint.

25                           *Disclosure Requirements*

26       53.    The ordinances provide that an application must contain and set forth the following

27  information:

28

A. The name, residence address, telephone number, and principal occupation of the applicant and the key employee(s) of the business; and

B. The applicant's business organization and structure, including the names and addresses of any and all on-site or off-site managers responsible for timely abatement of any and all nuisance activity at the business location; and

C. The kind of license desired, the business name, a description of the nature of the business, the particular place for which the license is desired, and the name of the owner of the premises where such business is to be operated, along with a copy of the lease or rental agreement for the same, and

D. Whether the business is the undertaking of a sole proprietorship, partnership, limited liability company, or corporation, or other form of business entity. If a sole proprietorship, the application shall set forth the name, address, telephone number, and principal occupation of the sole proprietor. If a partnership, the application shall set forth the names, addresses, telephone numbers, principal occupations, and respective ownership shares of each partner, where general, limited, or silent. If a limited liability company, the application shall set forth the company name, a copy of the operating agreement, and the names, addresses, telephone numbers, and principal occupations of every member, manager, and managing member of the company, along with the ownership interest held by each. If a corporation, the application shall set forth the corporate name, a copy of the articles of incorporation, and the names, addresses, telephone numbers, and principal occupations of every officer, director and shareholder of the corporation, along with the number of shares held by each. If any partner, manager, member, managing member, or shareholder of applicant is a business entity, the application shall additionally set forth the names, addresses, telephone numbers, principal occupations, and respective ownership interests of each such partner, manager, member, managing member, or shareholder; and

E. The names, residential addresses, telephone numbers and principal occupations of every person, partnership, limited liability company, or corporation having any interest in the real or personal property utilized or to be utilized by the business or having any right to any interest to any portion of the profits or receiving or having the right to receive any payment from the business that is not directly related to business operating costs.

If any partner, manager, member managing member, or shareholder having any interest in the real or personal property utilized or to be utilized by the business or having any right or interest to any portion of the profits or receiving or having them right to receive any payment from the business that is not directly related to the business operating costs is a business entity, the application shall additionally set forth the names, addresses, telephone numbers, principal occupations, and respective ownership interests of each such partner, manager, member, managing member, or shareholder; and

F. Whether the applicant, anyone having a ten-percent interest in the business, or anyone having an interest in the real property or personal property utilized or to be utilized by the business or anyone having a right to ten percent or more of the proceeds of the business (other than operating costs) has:

i. Ever been convicted of or forfeited bail for any crime, excluding minor traffic offenses and, if so, the application shall state the person involved, the charge, date,

court, and disposition of the charges,

ii. Ever had a business license denied, revoked or charges filed therefor, and if so, the application shall state the person involved, the name of the business, date, jurisdiction, and outcome of any hearing or

iii. Ever owned, operated, been employed by a sex club, an escort service, an outcall promoter establishment, a brothel, or adult club, and if so, the name of the business, dates involved, and position or interest therein, or

iv. Ever been convicted of offenses similar to the above under federal law or the law of another state or local government; or adverse civil action judgments involving fraudulent or deceptive advertising, sales, or trade practices, and a detailed explanation of the circumstances.

G. Applicant's business and employment history, stating whether or not the applicant, or applicant's manager, director, officer, stockholder having involvement with the management or operation of the business or partner have had any business license revoked or suspended and stating the details, including the reasons why; and

H. Applicant's signature acknowledging that all the information furnished by the applicant is true, accurate, and current, that he or she is aware of the obligation to provide timely notice of any changes in required information, and that he or she has informed all principals of their joint and several responsibility for the timely fulfillment of restrictions and conditions to the license or timely abatement of any nuisance activity at the business location(s). If the applicant is a sole proprietorship, the application shall be signed and sworn to by the sole proprietor. If the applicant is a partnership, the application shall be signed and sworn to by a partner thereof. If the applicant is a limited liability company, the application shall be signed and sworn to by a manager or managing member thereof. If the applicant is a corporation, the application shall be signed and sworn to by an authorized officer of the corporation; and

I. The applicant shall present him or herself to the police department for investigation and fingerprinting and shall pay such investigation and fingerprint fee as is required by HMC chapter 4.03, and shall reveal to the police department such information as is required to properly identify the applicant to enable the investigation of the applicant's arrests and convictions, licensing and litigation record and verify the accuracy and completeness of the application. Where the applicant is a partnership, limited liability company, or corporation, it shall be necessary for all of the partners, managers, managing members, and officers of such business entity to present themselves for investigation and fingerprinting. All partners, members, or stockholders (with ten percent or more stock ownership interest), who exercise management or control of the partnership, limited liability company, or corporation are required to present themselves for investigation and fingerprinting; and

J. A consent and authorization in writing for the division to obtain information from criminal justice agencies, financial institutions, federal, state and local governments and agencies, and other persons and entities and shall consent in writing to the release of such information to the city for use in connection with the application for the license and other city business regulations. The applicant shall also sign a release of claims and hold-harmless agreement to the city for its use of the information provided by the applicant or discovered during any investigation thereof; and
***

*See* Ex. B, pg. 6-8, Ord. 4.110.050(A)-(J).

54.     The applicant must also include "any other pertinent documents or information that the division may require" that is "related to subsections A-J" of Ord. 4.110.050 in applying for a sexually oriented business license. *See* Ex. B, pg. 8, Ord. 4.110.050(K).

55.     The disclosure requirements fail to further a substantial governmental interest and are, therefore, unconstitutional.

*License Fees*

56.     The licensee fee for a sexually oriented business is one percent of the gross revenue. *See* Ex. B, pg. 17, Ord. 4.110.220. "Gross revenues" includes "the total amount of the sale price of all goods sold..." *See* Ex. C, pg 2, Ord. 4.04.010.

57.     The Ordinances also require that a sexually oriented business license must be issued for semiannual periods. *See* Ex. B, pg. 17, Ord. 4.110.230. Thus, two percent of the business' gross revenues must be paid as the licensing fee.

58.     The licensing fees for sexually oriented businesses do not further a substantial government interest and are not narrowly tailored. As a result, they are unconstitutional.

*Audit and Inspection*

59.     The Ordinances also provide that "[t]he director or his or her designee and the auditor shall have access to the books, other business records, and premises of any sexually oriented business licensed under this chapter for the purpose of verifying the accuracy of business license fees paid and to ensure compliance with the specific provisions of this chapter." *See* Ex. B, pg. 19, Ord. 4.110.300.

60.     That provision violates the Fourth and Fourteenth Amendments to the United States Constitution as well as Article 1, Section 18 of the Nevada Constitution.

FIRST CLAIM FOR RELIEF

61.     Plaintiff incorporates paragraphs 1 through 60 of its complaint as if fully re-written.

62.     Defendant Henderson's zoning and licensing regulations for sexually oriented businesses, specifically Ord. 19.5.5(HH), Ord. 19.6.6.(A), Ord. 19.6.9(E) and Title 4, Chapter 4.110, Ord. 4.110.010 through 4.110.330, are unconstitutional on their face and as applied under the First,

- 13 -

Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9 and 18 of the Nevada Constitution, for each of the following reasons:

    a.    The laws operate as a prior restraint on the dissemination and exhibition of constitutionally protected expression;

    b.    The laws vest arbitrary and unfettered discretion to grant or deny a conditional use permit and/or sexually oriented business license;

    c.    The laws do not assure the issuance or denial of a conditional use permit and/or sexually oriented business license within a short, specified period of time;

    d.    The laws are unconstitutionally overbroad;

    e.    The laws are unconstitutionally vague;

    f.    The laws deprive plaintiff of the equal protection of the law;

    g.    The laws operate to chill protected speech;

    h.    The laws impose unlawful content-based restrictions on speech;

    i.    The laws do not survive either strict or intermediate scrutiny;

    j.    The laws do not further a substantial or compelling governmental interest in a narrowly tailored way;

    k.    The laws do not provide for alternative avenues of communication;

    l.    The laws operate as a zone out of constitutionally protected expression as they do not permit sexually oriented businesses to operate as a matter of right anywhere within the City;

    m.    The licensing fee for sexually oriented businesses is excessive and operates as an unconstitutional tax on free speech.

    n.    Plaintiff's proposed business does not cause and is not correlated with any of the adverse secondary effects claimed to justify regulation of sexually oriented businesses and, therefore, the ordinances are unconstitutional as applied to Plaintiff;

    o.    The laws authorize unreasonable warrantless searches and seizures.

63.    Plaintiffs is therefore entitled to a declaration that the laws are unconstitutional on their face and as applied.

SECOND CLAIM FOR RELIEF

64.    Plaintiff incorporates paragraphs 1 through 63 of its complaint as if fully re-written.

65.    Defendant Henderson's zoning and licensing regulations for sexually oriented

businesses, specifically Ord. 19.5.5(HH), Ord. 19.6.6.(A), Ord. 19.6.9(E) and Title 4, Chapter 4.110, Ord. 4.110.010 through 4.110.330, are unconstitutional on their face and as applied to Plaintiff under the First, Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9 and 18 of the Nevada Constitution, to engage in protected expressive activity; to be free from prior restraint; to be free from unreasonable warrantless searches and seizures, and, to be treated equally and to be free from irrational, arbitrary and capricious laws; all of which has caused and threatens to cause in the future, irreparable harm to Plaintiff for which there is no adequate remedy at law.

66.    By reason of Defendant's conduct and threatened conduct, and the irreparable harm Plaintiff has suffered and will continue to suffer, Plaintiff is entitled to a preliminary injunction and, after final hearing, a permanent injunction demanded hereunder.

THIRD CLAIM FOR RELIEF

67.    Plaintiff incorporates paragraphs 1 through 66 of his complaint as if fully re-written.

68.    Defendants' refusal to issue and authorize the issuance of a building permit and its classification of Plaintiff's proposed store as a sexually oriented business  has deprived Plaintiff of its rights secured by the First and Fourteenth Amendments, and Article I, Section 9 of the Nevada Constitution.

69.    As a direct and proximate result of the Defendants' misconduct, Plaintiff has been denied its constitutional rights and has incurred damages due to the expenditures of money in anticipation of and to prepare for the operation of its retail store as well as the loss of  business revenues and profits, rent, and the costs and expenses to maintain the property, for all of which it is entitled to compensatory damages.

FOURTH CLAIM FOR RELIEF

70.    Plaintiff incorporates paragraphs 1 through 69 of his complaint as if fully re-written.

71.    Defendant's refusal to issue and authorize the issuance of a building permit to which Plaintiff was entitled, as a general retail store in the CN zoning district meeting all of the criteria for a building permit, on the mere theory that the sexually oriented inventory Plaintiff proposed to carry

1

might constitute a "significant portion of its stock in trade," was unlawful under state and local law.

2

72.     Plaintiff is therefore entitled to a declaration that it meets all of the requirements for

3

a building permit to issue for a retail store in the CN zoning district and is entitled to the issuance

4

of said permit.

5

WHEREFORE, PLAINTIFF demands upon its First Claim for Relief, a declaration that

6

Defendant Henderson's zoning and licensing regulations for sexually oriented businesses,

7

specifically Ord. 19.5.5(HH), Ord. 19.6.6(A), Ord. 19.6.9(E) and Title 4, Chapter 4.110, Ord.

8

4.110.010 through 4.110.330, are unconstitutional on their face and as applied to Plaintiff under the

9

First, Fourth and Fourteenth Amendments to the Constitution and Article I Sections 9 and 19 of the

10

Nevada's Constitution; and,

11

Upon its Second Claim for Relief, a preliminary injunction and after final hearing, a

12

permanent injunction enjoining defendants, their officers, agents, servants, attorneys and those acting

13

in concert and participation with them who receive actual notice of the injunction by personal service

14

or otherwise, from enforcing Defendant Henderson's zoning and licensing regulations for sexually

15

oriented businesses, specifically Ord. 19.5.5(HH), Ord. 19.6.6(A), Ord. 19.6.9(E) and Title 4,

16

Chapter 4.110, Ord. 4.110.010 through 4.110.330, and directing defendants, their officers, agents,

17

servants, attorneys and those acting in concert and participation with them who receive actual notice

18

of the injunction by personal service or otherwise to issue a building permit and any other permits

19

for Plaintiff to open a retail store; and,

20

Upon its Third Claim for Relief compensatory damages against the Defendants, jointly and

21

severally in the amount of Five Hundred Thousand Dollars ($500,000); and,

22

Upon its Fourth Claim for Relief,  a declaration that the refusal to issue Plaintiff a building

23

permit for its proposed retail store in the CN zoning district was a violation of state and local law

24

and that Plaintiff meets all of the requirements for a building permit to issue for a retail store in the

25

CN zoning district and is entitled to the issuance of said permit.

26

Upon all Claims for Relief, the costs and expenses of maintaining this action, including

27

Plaintiff's reasonable attorney's fees, and any other relief, whether legal or equitable,  to which the

28

Plaintiff may be entitled.

Respectfully submitted,

/s/ Clyde DeWitt
Clyde DeWitt
Nevada State Bar No. 9791
California State Bar No. 117911
Texas State Bar No. 05670700
Law Offices of Clyde DeWitt
2300 West Sahara Avenue, Suite 800
Las Vegas, NV 89102
Phone: (702) 386-1756
E-fax: (702) 441-0308
clydedewitt@earthlink.net

J. Michael Murray (Ohio Bar No. 0019626)*
jmmurray@bgmdlaw.com
William C. Livingston (Ohio Bar No. 0089538)*
wlivingston@bgmdlaw.co,
Berkman, Gordon, Murray & DeVan
55 Public Square, Suite 2200
Cleveland, Ohio 44113
Tel: (216) 781-5245
Fax: (216) 781-8207

*subject to pro hac vice admission
will comply with LR IA 11-2 within 7 days

Attorneys for Plaintiff Henderson Retail 61, LLC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>JURY DEMAND</u>

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury.

/s/ Clyde DeWitt
Clyde DeWitt
Nevada State Bar No. 9791
California State Bar No. 117911
Texas State Bar No. 05670700
Law Offices of Clyde DeWitt
2300 West Sahara Avenue, Suite 800
Las Vegas, NV 89102
Phone: (702) 386-1756
E-fax: (702) 441-0308
clydedewitt@earthlink.net

J. Michael Murray (Ohio Bar No. 0019626)*
jmmurray@bgmdlaw.com
William C. Livingston (Ohio Bar No. 0089538)*
wlivingston@bgmdlaw.co,
Berkman, Gordon, Murray & DeVan
55 Public Square, Suite 2200
Cleveland, Ohio 44113
Tel: (216) 781-5245
Fax: (216) 781-8207

*subject to pro hac vice admission
will comply with LR IA 11-2 within 7 days

Attorneys for Plaintiff Henderson Retail 61, LLC.